NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2009[*]
Decided May 21, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-3444

| | |
|---|---|
| FRED RUCKER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 C 91 |
| ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, *Defendant-Appellee.* | Robert W. Gettleman, *Judge*. |

**O R D E R**

Fred Rucker asserts that his employer, the Illinois Department of Children and Family Services (DCFS), paid him a lower salary because he is African-American.  The

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

district court granted summary judgment for DCFS because Rucker failed to show that a similarly situated employee was paid more highly, and we affirm.

Like the district court, we rely on only those facts that are properly supported by the record. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Rucker holds a master's degree in urban planning, and since 1989 he has worked for DCFS, except for a brief period from 1992 to 1994. In 1999, he was assigned his present position, which he described as managing the supply room in Cook County. He explained that the supply room provides local DCFS offices with supplies such as paper and pencils, and that his job is to ensure that the operation runs smoothly. He supervises seven employees, including another supervisor and five employees who deliver supplies. His duties also include monitoring employees' time, approving leave, performing evaluations, monitoring complaints, doing inventory, assisting in selecting vendors, and paying bills to vendors.

Rucker asserts that Paula Weidner, a Caucasian woman, is similarly situated to him. Weidner is the DCFS business operations manager for the southern region of Illinois, an area that spans 200 miles. She performs some of Rucker's duties, such as conducting inventory, for all 21 DCFS offices in her region, and she also has several additional responsibilities, including budgeting and statistical analysis. Her position and Rucker's are both classified as "Executive II," as are many other jobs, but Rucker discovered that she is paid more than he—by $543 a month in 2005, and by $440 as of January 2008.

After receiving a right-to-sue letter from the EEOC, Rucker sued DCFS in January 2007, asserting that DCFS paid him less because of his race. He also asked the court to order the Illinois Department of Human Rights to reopen an earlier suit of his that had been dismissed as untimely. DCFS moved to dismiss the complaint, and the district court granted the motion in part, allowing only Rucker's wage-discrimination claim to proceed.

The district court subsequently granted summary judgment for DCFS, finding that Rucker offered no direct evidence of discrimination and insufficient evidence to establish a prima facie case of wage discrimination under the burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Specifically, the court found that Rucker failed to show that a similarly situated employee was paid more highly: the only comparator Rucker identified was Weidner, and, the court explained, Weidner had greater responsibilities. The court also concluded that DCFS had a legitimate reason to pay Weidner a higher salary—her greater responsibilities—and that Rucker offered no evidence to show that this reason was pretextual.

On appeal Rucker primarily contends that the district court erred in concluding that he and Weidner were not similarly situated. He continues to assert that he is similarly situated to Weidner because both of their jobs are classified as "Executive II," that DCFS overstated Weidner's job description, and that he is more qualified because he holds a master's degree.

To establish a prima facie case of wage discrimination, an employee must show that a similarly situated employee was paid more highly. *See Warren v. Solo Cup Corp.*, 516 F.3d 627, 630 (7th Cir. 2008); *Johnson v. Univ. of Wisc.-Eau Claire*, 70 F.3d 469, 478 (7th Cir. 1995). To be similarly situated, employees must be "'directly comparable in all material respects.'" *See Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 561 (7th Cir. 2004) (internal quotation omitted). Factors relevant to this assessment include whether the employees had the same job description, reported to the same supervisor, and possessed comparable qualifications. *Salas v. Wisc. Dep't of Corr.*, 493 F.3d 913, 923 (7th Cir. 2007); *Brummett v. Sinclair Broad. Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

Rucker and Weidner are not directly comparable. Although for some period of time Rucker and Weidner shared the same supervisor, and both are classified as "Executive II" employees, Weidner has a wider variety of duties than Rucker and a greater level of responsibility. Rucker's primary responsibility is managing one supply room and its employees, whereas Weidner oversees 21 offices and has additional substantive duties in a number of other areas. As to qualifications, although Rucker has a master's degree while Weidner does not, it is difficult to see how his urban planning degree would necessarily make him more qualified for his current position. Furthermore, even if Rucker had a longer work history, Weidner had more relevant work experience, including work related to her current duties in budgeting and fiscal analysis. Rucker offered no evidence to suggest that DCFS and Weidner overstated her responsibilities or qualifications.

Rucker also seeks to revive similar discrimination claims from a 1999 grievance that the Illinois Appellate Court dismissed as untimely in *Rucker v. State of Illinois Dep't of Children & Family Servs.*, 879 N.E.2d 1068 (Ill. App. Ct. 2004) (table). The final judgment in the Illinois Appellate Court, though, bars Rucker from now raising any claims that he already raised or could have raised against DCFS in that action. *See Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471-72 (7th Cir. 2007).

Accordingly, we AFFIRM the judgment of the district court.